**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RANDALL COUTURIER,

      Petitioner,                 CASE NO. 2:06-CV-13886

v.                               HONORABLE NANCY G. EDMUNDS
                                  UNITED STATES DISTRICT JUDGE

DOUGLAS VASBINDER,

      Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

      Randall Couturier, ("Petitioner"), presently confined at the Cotton

Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In his application, filed by attorney F.

Randall Karfonta, petitioner challenges his conviction for four counts of second-

degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a).  For the reasons stated

below, the application for writ of habeas corpus is **DENIED.**

### I.  Background

      Petitioner was convicted of the above charges following a jury trial in the

Bay County Circuit Court.  Petitioner's counsel has provided a detailed statement

of facts in his petition for writ of habeas corpus. [1]  The Court will therefore accept

the factual allegations contained within the habeas petition insofar as they are

---

[1] *See* Brief in Support of Petition for Writ of Habeas Corpus, pp. 1-12 [This Court's Dkt Entry # 1].

1

consistent with the record, because the respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Because the facts of this case have been detailed by petitioner's counsel, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See e.g. Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Petitioner's case arose out of allegations that petitioner had engaged in sexual contact with three children who were students in a first-grade classroom that was taught by his wife. Petitioner occasionally volunteered in the classroom. All three victims testified that petitioner touched the front of their genitals, under their clothes, that petitioner's hand did not move, and that petitioner did not say anything when he committed these acts. All three victims testified that petitioner touched them in this manner while they were sitting on his lap while taking a reading test or reading aloud. Petitioner and his wife both denied that petitioner had sexually abused the children. Petitioner was convicted of sexually assaulting two of the victims, but was acquitted of the charges with respect to the third victim.

The Michigan Court of Appeals initially reversed petitioner's conviction, finding that the trial court had violated petitioner's right of confrontation by refusing to allow defense counsel to question one of the victims about a letter that she had written to petitioner at the time of the incident, in which she told petitioner that she loved and missed him. The Michigan Court of Appeals affirmed

petitioner's conviction with respect to most of his remaining claims, other than petitioner's sentencing and ineffective assistance of counsel claims. *People v. Couterier,* No. 252175 (Mich.Ct.App. February 10, 2005).

The prosecutor sought leave to appeal with the Michigan Supreme Court. In *lieu* of granting leave to appeal, the Michigan Supreme Court remanded the case to the Michigan Court of Appeals to re-evaluate petitioner's Confrontation Clause claims under the "plain error" standard for reviewing claims of unpreserved constitutional error. *People v. Couturier,* 474 Mich. 876; 704 N.W. 2d 463 (2005).

On remand, the Michigan Court of Appeals indicated that they believed that petitioner's counsel had properly preserved petitioner's Confrontation Clause claim. Nonetheless, because they were constrained by the Michigan Supreme Court's remand order, the Michigan Court of Appeals conducted a plain error review of petitioner's Confrontation Clause claim and concluded that the limitations placed on the cross-examination of the victim did not constitute plain error which affected petitioner's substantial rights. *People v. Couturier,* (After Remand) No. 252175 (Mich.Ct.App. December 15, 2005). The Michigan Court of Appeals also rejected petitioner's ineffective assistance of counsel claims. *Id.* The Michigan Supreme Court then denied petitioner leave to appeal. *People v. Couturier,* 475 Mich. 886; 715 N.W. 2d 875 (2006)(Taylor, J. would grant leave to appeal).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Charges by two other complainants were inadmissible and destroyed Petitioner's right to a fair trial and due process of law.

II. Fundamental fairness and due process of law prohibit joinder of three distinct and separate charges involving separate complainants of separate dates.

III. Denial of cross-examination to show that the accusing witness had sent petitioner notes that she loved and missed petitioner was a violation of petitioner's Sixth Amendment right to confrontation.

IV. Extrinsic proof that the child witness's difficulty in school required state agency reporting and intervention was required to allow the jury to evaluate the child's testimony.

V. Where the prosecutor elicited inadmissible inflammatory evidence regarding disclosure that "the most public example is the issues with the Catholic Church and all of the priests," a new trial is required.

VI. Defense counsel's failure to object to improper evidence, prosecutorial misconduct, and to investigate and to properly object to the restitution order was constitutionally ineffective assistance of counsel.

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the

4

evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. Discussion

**A. Claim # 1. The other acts evidence claims.**

Petitioner first claims that the trial court erred in permitting the prosecution to use the evidence relating to the sexual assaults against each of the three victims under the provisions of M.R.E. 404(b) to show that petitioner had a "plan, scheme, or system" with respect to the sexual assaults on the other victims

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68

5

(1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007).  The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003).  Petitioner fails to show that the trial court's admission of this evidence deprived him of his fundamental right to a fair trial or resulted in any other violation of his constitutional rights.  Accordingly, petitioner is not entitled to habeas corpus relief with respect to his first claim. *Stephenson,* 280 F. Supp. 2d at 667.

**B. Claim # 2.  The improper joinder claim.**

Petitioner next contends that his constitutional rights were violated when

6

the trial court permitted joinder of the charges involving the three different victims in a single trial.

Improper joinder does not, by itself, violate the federal constitution. *United States v. Lane,* 474 U.S. 438, 446, n. 8 (1986). Misjoinder rises " to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.*

In considering whether the denial of severance of charges amounted to an error warranting relief in a habeas proceeding, the issue is not whether the failure to sever counts for separate trials was a violation of a state rule of procedure, but whether the failure to sever denied the petitioner due process of law under the Fourteenth Amendment. *See Davis v. Coyle,* 475 F. 3d 761, 777 (6th Cir. 2007). In order to obtain federal habeas relief. a habeas petitioner must show that the misjoinder of separate criminal charges in a single trial in state court resulted in prejudice so great as to deny the petitioner his right to a fair trial. *Id.*

"[U]nder Michigan law, severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." *Clark v. McLemore,* 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003)(citing M.C.R. 6.121(C)). "[T]here is no absolute right to a separate trial, and joint trials are strongly favored 'in the interest of justice, judicial economy and administration.'" *Id.* (quoting *People v. Etheridge*, 196 Mich. App. 43, 52; 492 N.W. 2d 490 (1992)).

Severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *People v. Hana*, 447 Mich. 325, 359-60; 524 N.W. 2d 682 (1994)). Finally, under M.C.R. 6.120(B), a court must sever offenses that are not related as defined in MCR 6.120(B). MCR 6.120(B) defines related offenses that are those "based on (1) the same conduct, or (2) a series of connected acts or acts constituting part of a single scheme or plan."

Petitioner was not prejudiced by the joinder of the charges, because both the trial court and the Michigan Court of Appeals found that each of the charges was admissible under M.R.E. 404(b) against the other charges to show that petitioner had a "plan, scheme, or system" to sexually assault the different victims. In petitioner's case, even if the charges involving the three different victims were tried separately, evidence from each crime would have been admissible in the trial of the other victims pursuant to M.R.E. 404(b) because of the common scheme or plan. Petitioner was therefore not prejudiced by the joinder of the charges in this case. *See U.S. v. Jacobs,* 244 F. 3d 503, 507 (6th Cir. 2001). Moreover, the trial court gave the jurors a cautionary instruction, which advised them that the fact that petitioner was charged with more than one offense is not evidence of his guilt (T. Vol. IV, p. 162). The trial court's cautionary instruction adequately cured any possible prejudice from the joinder

of the separate charges at one trial. *Id.* Finally, in light of the fact that petitioner

was acquitted of the charges involving one of the three victims, the jury

obviously  considered the evidence as to each charge separately.  Petitioner has

therefore failed to show that he was prejudiced by the joinder of the charges in

this case. *U.S. v. Lykes*, 71 Fed. Appx. 543, 548-49 (6th Cir. 2003).  Petitioner is

not entitled to habeas relief on his second claim.

### C.  Claim # 3.  The Confrontation Clause claim.

Petitioner next contends that his right of confrontation was violated when

the trial court prevented him from cross-examining one of the victims, Crystal

Huggins, about a note that she had allegedly written to him after the sexual

assault, in which she allegedly told petitioner that she still loved him. [2]

"[T]he Confrontation Clause guarantees only 'an opportunity for effective

cross-examination, not cross-examination that is effective in whatever way, and

---

[2]  Although respondent addresses the merits of petitioner's claim, respondent contends that petitioner's third claim is "technically" procedurally defaulted, because of petitioner's alleged failure to properly preserve the issue for appellate review.  This Court notes that procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997).  In addition, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  In this case, it is unclear to this Court, as it was to the Michigan Court of Appeals on remand, why the Michigan Supreme Court found petitioner's claim to be unpreserved, in light of the fact that petitioner's counsel attempted to question the victim about this letter.  The rule of procedural default is "a matter of comity between the federal and state courts and should not be applied to preclude federal courts from hearing federal constitutional claims when to do so does no disrespect to the state courts and their procedural rules." *Walker v. Engle,* 703 F. 2d 959, 967 (6th Cir. 1983).  Thus, when a state court applies a procedural bar that has no foundation either in the record or under state law, the federal courts need not honor that bar. *Id.*  Because the procedural bar to petitioner's third claim does not appear to have any foundation either from the record or under state law, this Court chooses not to procedurally default petitioner on this claim.

to whatever extent, that the defendant might wish.'" *United States v. Owens*, 484 U.S. 554, 559 (1988)(internal quotations omitted). The Confrontation Clause of the Sixth Amendment does not prevent a trial judge from imposing limits on a defense counsel's inquiry into potential bias of a prosecution witness; to the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, a witness' safety, or interrogation that is repetitive or only marginally relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

In the present case, counsel's attempt to impeach the victim with her letter to petitioner involved an attack on her general credibility, as opposed to an attack on her bias or motivation for testifying against petitioner. The Sixth Circuit has indicated:

> "[T]hus, although *Davis* trumpets the vital role cross-examination can play in casting doubt on a witness's credibility, not all conceivable methods of undermining credibility are constitutionally guaranteed. In particular, the *Davis* Court distinguished between a "general attack" on the credibility of a witness--in which the cross-examiner "intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony"--and a more particular attack on credibility "directed toward revealing possible biases, prejudices, or ulterior motives as they may relate directly to issues or personalities in the case at hand."

*Boggs v. Collins,* 226 F. 3d 728, 736 (6th Cir. 2000)(*quoting Davis,* 415 U.S. at 316). The U.S. Supreme Court in *Davis,* in fact, only found the latter,

particularized attack on a witness' bias and motivation to be a protected aspect of the right of confrontation. *Boggs,* 226 F. 3d at 737.  In his concurring opinion, Justice Stewart emphasized that the U.S. Supreme Court in *Davis* "neither holds not suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination" [concerning past criminal convictions]. *Davis,* 415 U.S. at 321 (Stewart, J., concurring).

As the Sixth Circuit indicated in *Boggs, supra,* courts after *Davis* and *Van Arsdall* have adhered to the distinction made by those cases and by Justice Stewart in his concurring opinion that cross-examination as to a witness' bias, motive or prejudice is constitutionally protected, but cross-examination as to the general credibility of a witness is not. *Boggs,* 226 F. 3d at 737.  The Sixth Circuit in *Boggs* held that a state trial court's ruling which precluded a habeas petitioner from cross-examining a  rape victim about a prior false accusation of rape allegedly made by the victim did not violate the Confrontation Clause, inasmuch as petitioner sought to question the victim about the alleged prior accusation to attack her general credibility, rather than to show the victim's motive, bias, or prejudice. *Boggs v. Collins,* 226 F. 3d at 739-40.

In addition, no matter how central an accuser's credibility is to a habeas petitioner's case, the U.S. Constitution does not require that a defendant in a criminal case be given the opportunity to wage a general attack on the credibility of that witness by pointing to individual instances of past conduct. *Boggs v.*

*Collins,* 226 F. 3d at 740.  In the present case, defense counsel apparently wanted to use this letter to make a general attack on the victim's credibility. Counsel did not allege that the victim was biased or prejudiced against petitioner or that she had an ulterior motive in testifying against him.  Therefore, the state court's refusal to admit the disputed evidence did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law interpreting the Confrontation Clause. *Adams,* 280 F. Supp. 2d at 714; *See also Latimer v. Burt,* 98 Fed. Appx. 427, 431 (6th Cir. 2004)(habeas petitioner's right of confrontation was not violated by the trial court's decision to prohibit him from conducting cross-examination regarding allegedly false, prior statements by witnesses; none of the prior statements demonstrated the existence of "bias, motive or prejudice" on the part of the witnesses).

Moreover, assuming that the trial court erred in preventing petitioner from cross-examining the victim about this letter, the error was harmless.  A violation of the Confrontation Clause can be harmless error. *Van Arsdall*, 475 U.S. at 684. For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

On remand from the Michigan Supreme Court, the Michigan Court of

12

Appeals determined that it was not plain error for the trial court to prevent defense counsel from questioning the victim about this letter, because petitioner was unable to prove that cross-examination concerning this letter would have proven him innocent. *People v. Couturier,* (After Remand) No. 252175, * 4 (Mich.Ct.App. December 15, 2005). The Michigan Court of Appeals noted that:

> "A jury could believe that a child could express great affection for a defendant, suffer sexual predations from that defendant nevertheless, and testify truthfully about them. Moreover, although it is not difficult to imagine a lovelorn child turning on the object of her affections, a witness' expressed affection for a defendant would more immediately suggest a disinclination to testify against that defendant. That the young complainant in this instance felt great affection for a person against whom she testified could strengthen, not weaken, her testimony implicating him in sexual misconduct."
> *Id.*

Indeed, a social worker who testified for the prosecutor testified that it was not uncommon for children who are victims of sexual abuse to nonetheless seek acknowledgment or favor from the adult who had been sexually abusing them, because children tend to be more forgiving or trusting of adults.

In light of the fact that the victim's note did not contradict the victim's claim that she had been sexually abused and would have only minimally affected the victim's credibility, the court's refusal to permit defense counsel to cross-examine the victim about the contents of this note was harmless error at best. *See Cairns v. Johnson,* 267 Fed. Appx. 240, 245-47 (4th Cir. 2008)(exclusion of victim's journals from sexual abuse trial did not have substantial and injurious

effect on verdict; strong, uncontradicted evidence of petitioner's guilt was introduced at trial, the exclusion was limited to one avenue of cross-examination of one witness, journals did not contradict abuse claim, and impact on victim's credibility was minimal). Petitioner is not entitled to habeas relief on his third claim.

### D. Claim # 4. The exclusion of evidence claim.

Petitioner next claims that his right to present a defense was violated when the trial court refused to permit defense counsel to introduce evidence that petitioner's wife had considered contacting the Family Independence Agency (FIA) or protective services to investigate Crystal Huggins' home life, due to the problems that Crystal was having at school with wetting her pants, lying, and cheating on tests. Counsel wanted to introduce this information in order to show that the victim had fabricated the accusation. The trial court denied counsel's request to introduce this information, finding that the information was highly collateral. On appeal, the Michigan Court of Appeals rejected petitioner's claim, finding that the inference that petitioner was attempting to draw, namely, that a child from a troubled home was more likely to fabricate a claim of sexual abuse, was "extremely tenuous." *People v. Couturier,* No. 252175, * 4 (Mich.Ct.App. February 10, 2005).

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present

his own witnesses to establish a defense.  This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *See also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted).  However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996).  The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689.  The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (citing *Van Arsdall,* 475 U.S. at 679).  Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998)(*quoting Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Moreover, under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial

court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F. 3d 507, 511-12 (6th Cir. 2003).

In the present case, the trial court's decision to preclude defense counsel from questioning petitioner's wife about considering filing a report with the FIA or protective services about Crystal Huggins' home life did not violate petitioner's right to confrontation or due process, because the evidence was only remotely relevant to the victim's motivation to fabricate the sex abuse allegations against petitioner. *See Farley v. Lafler,* 193 Fed.Appx. 543, 546 (6th Cir. 2006). Although "[t]he Confrontation Clause places meaningful limits on a trial judge's ability to exclude evidence under a state's rules of evidence, those limits are not relevant when the information in question has virtually no probative value[,]." *Id.* at 547. Petitioner is not entitled to habeas relief on his fourth claim.

**E. Claim # 5. The prosecutorial misconduct claim.**

Petitioner next claims that the prosecutor committed misconduct when he elicited testimony from a prosecution expert concerning the recent sex abuse scandal in the Roman Catholic Church. Petitioner contends that the prosecutor's questions to the expert witness were calculated to introduce irrelevant evidence at his trial. Petitioner further claims that the prosecutor

16

engaged in an improper "civic duty" argument by mentioning the sex scandal of the Catholic Church in closing argument.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-1356 (6th Cir. 1993). In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Serra,* 4 F. 3d at 1355-56; *See also Pearl v. Cason,* 219 F. Supp. 2d 820, 831 (E.D. Mich. 2002).

The Michigan Court of Appeals rejected petitioner's claim, finding that the expert's testimony about the Catholic Church sex scandal was relevant under state law to explain why child sex abuse victims sometimes delay disclosing their abuse to authorities. *People v. Couturier,* No. 252175, * 5 (Mich.Ct.App. February 10, 2005).

The Sixth Circuit has noted that there are no Supreme Court cases which

support the proposition that a prosecutor's questions that simply call for answers that are inadmissible due to relevancy constitute prosecutorial misconduct that rises to the level of a federal due process violation. *See Wade v. White,* 120 Fed. Appx. 591, 594 (6th Cir. 2005). In any event, the Michigan Court of Appeals determined that the expert witness' testimony was relevant under Michigan law to explain why minor victims sometimes delay reporting their sexual abuse. Because the expert witness' testimony concerning the Catholic Church sexual abuse scandal was relevant, the prosecution's questions and later arguments concerning the Church sexual abuse scandal did not amount to the injection of inflammatory evidence into petitioner's trial, so as to entitle him to habeas relief. *See Tak Sun Tan v. Runnels,* 413 F. 3d 1101, 1115 (9th Cir. 2005).

This Court also rejects petitioner's related claim that the prosecutor made an improper "civic duty" argument when she brought up the sex abuse scandal in the Catholic Church in her closing argument. The Michigan Court of Appeals rejected this claim, finding that in context, the prosecutor's brief comments were related to her argument that sexual abuse can take place in public settings and was made in response to defense counsel's argument that these sexual assaults could not have taken place in a busy classroom. *People v. Couturier,* No. 252175, * 5 (Mich.Ct.App. February 10, 2005).

With regards to civic or societal duty arguments, the Sixth Circuit has noted that, "[u]nless calculated to incite the passions and prejudices of the

jurors, appeals to the jury to act as the community conscience are not *per se* impermissible." *Byrd v. Collins,* 209 F. 3d 486, 539 (6th Cir. 2000)(*quoting United States v. Solivan*, 937 F. 2d 1146, 1151 (6th Cir. 1991)).

In the present case, as the Michigan Court of Appeals indicated in their opinion, the prosecutor did not make an improper civic duty argument, because the prosecutor's comments were made in response to defense counsel's arguments. *See Knapp v. White,* 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003). Additionally, the trial court's instruction to the jury that they must not let prejudice or sympathy influence their decision (T. Vol. IV, p. 160) defeats petitioner's claim that he was deprived of a fair trial because of an improper civic duty argument. *Id.* Petitioner is not entitled to habeas relief on his fifth claim.

### F. Claim # 6.  The ineffective assistance of counsel claims.

Petitioner lastly contends that he was deprived of the effective assistance of counsel.

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

19

Petitioner first claims that counsel was ineffective for failing to properly preserve his Confrontation Clause claim. As an initial matter, this Court agrees with the Michigan Court of Appeals' opinion on remand that trial counsel's "positing impeachment as the reason for an area of cross-examination well preserves a Confrontation Clause issue." *People v. Couturier,* (After Remand) No. 252175, * 3, n.1 (Mich.Ct.App. December 15, 2005). The Michigan Court of Appeals further concluded that counsel's question established that substance of the intended cross-examination and his explanation that he wished to use it to impeach the victim amounted to a "plain assertion" of petitioner's constitutional rights, so as to preserve the claim for appellate review. The Michigan Court of Appeals further observed that "[T]he trial court's quickness in sustaining plaintiff's objection rendered it impossible for defense counsel to elaborate on his reasons for the desired line of questioning except by standing there and arguing with the court over a decision firmly made." *Id.* In rejecting petitioner's ineffective assistance of counsel claim, the Michigan Court of Appeals concluded that because they believed that counsel adequately preserved the confrontation issue for appellate review, no ineffective assistance of counsel claim could be based on his failure to object. *Id.* at 7.

This Court agrees with the Michigan Court of Appeals' determination that counsel adequately preserved petitioner's Confrontation Clause claim by attempting to question the victim about the letter. The trial court sustained the

prosecutor's objection to defense counsel's questions. In light of the fact that the trial court had already ruled against him, defense counsel may reasonably have concluded that further objection would have been fruitless. *See e.g. Garrett v. United States,* 78 F. 3d 1296, 1301-02 (8th Cir. 1996). "[I]neffective assistance should not be found under *Strickland* when counsel fails to perform those acts which clearly appear to be futile or fruitless at the time the decision must be made." *Id.,* at 1303, n. 11; *See also Smith v. Dixon*, 766 F. Supp. 1370, 1388-89 (E.D.N.C.1991) (counsel's failure to pursue vigorously individual voir dire and sequestration of jury during voir dire by filing legal memorandum in support of motion not ineffective; counsel was convinced that pursuit of motions by further arguments after judge had quickly denied the motions could be counterproductive); *rev'd on other grounds*, 14 F.3d 956 (4th Cir. 1994) (en banc).

Petitioner cannot likewise show that counsel was ineffective for failing to object to the prosecutor's closing argument, in light of the fact that the Michigan Court of Appeals found on direct appeal that the remarks were not improper. *See Finkes v. Timmerman-Cooper,* 159 Fed. Appx. 604, 611 (6th Cir. 2005)*; Campbell v. United States,* 266 F. Supp. 2d 587, 589-90 (E.D. Mich. 2003)*.*

Petitioner is not entitled to habeas relief, because the Michigan courts' rejection of his ineffective assistance of counsel claims constituted a reasonable application of *Strickland. See Pearl,* 219 F. Supp. 2d at 829.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will, however, grant petitioner a certificate of appealability with respect to his third claim involving the alleged denial of his right of confrontation. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

Although the Court believes that its decision in denying petitioner habeas relief on his Confrontation Clause claim was correct, it will nonetheless grant petitioner a certificate of appealability on his third claim for the following reason. The Michigan Court of Appeals initially reversed petitioner's conviction, after

concluding that the trial court's refusal to allow counsel to cross-examine the victim with this letter to petitioner violated his confrontation rights. After the case was remanded by the Michigan Supreme Court to the Michigan Court of Appeals to conduct a "plain error" review, the Michigan Court of Appeals affirmed petitioner's conviction after applying the plain error standard. However, in their opinion on remand, the Michigan Court of Appeals indicated that but for the directive from the Michigan Supreme Court to conduct a "plain error" review, they would have again reversed petitioner's conviction based upon the denial of his right of confrontation. Finally, Justice Taylor indicated that he would have granted petitioner's application for leave to appeal with the Michigan Supreme Court on his direct appeal following the Michigan Court of Appeals' affirmance of his conviction on remand.

In light of the fact that the Michigan Court of Appeals initially reversed petitioner's conviction on this basis, as well as the fact that one justice of the Michigan Supreme Court indicated that he would grant leave to appeal following remand, petitioner has shown that jurists of reason could decide petitioner's third claim differently or that the issue deserves encouragement to proceed further. *See Robinson v. Stegall,* 157 F. Supp. 2d 802, 820, fn. 7 & 824 (E.D. Mich. 2001)(habeas petitioner entitled to certificate of appealability from district court's determination that state appellate court reasonably applied federal law in determining that any Confrontation Clause error was harmless, where one judge

on the Michigan Court of Appeals dissented and indicated that he would have reversed petitioner's conviction; dissent showed that a reasonable jurist found that the issue should have been decided differently); *See also Tankleff v. Senkowski,* 135 F. 3d 235, 242 (2nd Cir. 1998)(pre-AEDPA habeas petitioner entitled to certificate of probable cause to appeal, where intermediate state appellate court split three to two on the *Miranda* issue and the propriety of the prosecutor's summation). The Court will therefore grant a certificate of appealability to petitioner with respect to his third claim.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability with respect to his remaining claims, because he has failed to make a substantial showing of the denial of a federal constitutional right regarding these claims. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** with respect to petitioner's third claim and **DENIED** with respect to his remaining claims.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

24

Dated:  October 15, 2008


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 15, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager